792 A.2d 583 (2001)
348 N.J. Super. 654
E.C. & G.C. o/b/o R.C, a minor child, Plaintiffs,
v.
BOARD OF EDUCATION OF SOUTH BRUNSWICK TOWNSHIP, South Brunswick Township School District, Middlesex County, John Does, 1-5, whatever form of public entity liable for the obligations of South Brunswick School District, Defendants.
Superior Court of New Jersey, Law Division, Middlesex County.
Decided August 31, 2001.
*584 Michael Inzelbuch, Lakewood, for plaintiff.
James Schwerin, Lawrenceville, for defendant, (Parker, Mc Cay & Criscuolo, P.A. attorney).
CICCONE, J.S.C.
This matter comes before the court upon plaintiff's motion for counsel fees and upon defendant's cross-motion seeking a determination that plaintiff's counsel is not entitled to counsel fees. After reviewing the papers submitted by counsel, the relevant law, as well as the oral arguments presented to the court on July 26, 2001, the court finds that plaintiff's counsel is not entitled to attorneys fees and further, that the defendant is not obligated to pay for plaintiff's expert's fees.
Pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq., parents of children classified as needing special assistance have the right to a due process hearing or mediation to challenge the educational program provided to their child. The IDEA also provides that in any action or proceeding brought under Section 615 of the IDEA, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parent who is a "prevailing party." See 20 U.S.C. § 1415(i).
Every state which receives federal funds under the IDEA establishes its own IDEA compliance procedures. New Jersey codifies its program in its administrative code, N.J.A.C. 6A:14-1 et seq. The New Jersey Administrative Code provides for two forums in which parents may challenge educational programsmediation and due process hearings. See N.J.A.C. 6A:14-2.6 and 2.7. Additionally, New Jersey follows the federal provisions outlined in establishing and running such forums. See 20 U.S.C. § 1415(e) [mediation] and § 1415(f) [due process hearings].
Most relevant to the matter currently at bar is 20 U.S.C. § 1415(i)(3), "jurisdiction of district courts; attorney's fees." Specifically, this section of the statute provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parent of a child with a disability who is a prevailing party." 20 U.S.C. § 1415(i)(3)(B). The statute further reads that "fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C).
*585 Significantly, the statute proceeds to state that "attorneys fees may not be awarded relating to any meeting of an individualized education program team, unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section that is conducted prior to the filing of a complaint under subsection (b)(6) or (k) of this section." 20 U.S.C. § 1415(i)(3)(D)(ii).
As reflected in counsels' submissions, plaintiffs attended, either personally or through their attorney, individualized education program meetings which were held on January 18, 2000 and May 25, 2000. On February 16, 2000, the plaintiffs wrote to the director of special education programs requesting mediation in order to obtain an appropriate program and placement for their child. As a result of this letter, a mediation was scheduled for March 31, 2000; however, the mediation did not take place, apparently because the parties were working towards developing a program for the minor child.
Receiving no further information from either party, and in light of the canceled mediation, the director of special education programs advised all parties, by letter dated July 13, 2000, that the mediation in this matter was closed. The letter also outlined the procedure for seeking a due process hearing in this matter.
From these facts, it is thus clear to the court that plaintiffs neither participated in mediation nor did they request a due process hearing. The facts do however indicate that plaintiffs apparently participated in individualized education program meetings with the South Brunswick Board of Education. Therefore, this court must tackle whether the plaintiffs could nonetheless qualify as a "prevailing party".
In J.C. v. Mendham Township Bd. of Educ., 29 F.Supp.2d 214 (D.N.J.1998), the New Jersey District Court stated that the term "prevailing party" should be construed consistently with United States Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The District Court also noted that "the determination of whether a party is prevailing `is left to the sound discretion of the court in light of the policies which Congress sought to promote in enacting the provisions.'" Id. at 219 (quoting D.B. v. Ocean Township Bd. of Educ., 985 F.Supp. 457, 541 (D.N.J.1997), aff'd 159 F.3d 1350 (3d Cir.1998)).
Following the Hensley decision, a two part test was developed in determining whether a party was indeed a `prevailing party': (1) the first determination is whether a plaintiff achieved relief on any of his or her claim; and (2) the second determination is whether there was a causal link between the litigation and the relief obtained by the plaintiff. See Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131-132 (3d Cir.1991). As to the second prong of the test, "the `pressure of the lawsuit' must be `a material contributing factor in bringing about the events that resulted in obtaining the desired relief.'" Id. at 132.
Furthermore, "[a] prevailing party `must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.' " J.C. v. Mendham Bd. of Educ., 29 F.Supp.2d at 219 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). Moreover, "the relief obtained by a prevailing party cannot be merely token or nominal, but must involve some legal concession or forbearance on the part of the defendant. A plaintiff prevails when `actual relief on the merits of *586 his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Id. at 220 (quoting Farrar v. Hobby, 506 U.S. 103, 111-112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).
In addition, in Buckhannon v. West Virginia, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), relying upon the American Rule, pursuant to which not only are parties ordinarily required to bear their own attorney fees but also the prevailing party is not entitled to collect attorney fees from the non-prevailing party, the United States Supreme Court, after consulting its prior relevant decisions, adopted the following meaning to the term "prevailing party": a party in whose favor a judgment is rendered, regardless of the amounts of damages awarded. Id. 121 S.Ct. at 1839 (quoting BLACK'S LAW DICTIONARY 1145 (7th ed.1999)).
Applying this analysis to the facts of this case, this court finds that plaintiff is not a prevailing party. As stated previously, plaintiffs neither participated in mediation nor did they request a due process hearing. Although the facts do indicate that plaintiffs participated in individualized education program team meetings with the board of education, the court does not find that such meetings could qualify as an action or proceeding over which the plaintiff could prevail. Even if the court was to construe these individualized education program meetings as actions or proceedings, the plaintiffs still are not prevailing parties. As evidenced in the plaintiff's retainer agreement with their counsel, the goal was to obtain placement at the New Grange School; however, the placement given to the minor child for the 2000-2001 school year was in a "language learning disability self-contained class" within the school district. Consequently, in applying the first prong of the prevailing party test, the court finds that the plaintiffs did not prevail over the board of education because although the plaintiff child was given a new class designation within the same school, this was not the relief sought.
Construing the second prong of the test, the court finds that since no action was taken by the plaintiff other than a request for mediation, the mediation did not take place, nor did plaintiff request a due process hearing pursuant to the procedures outlined in the administrative code, and there was no litigation, there cannot be any causal link between the result and the non-existent litigation.
Moreover, pursuant to 20 U.S.C. § 1415(i)(3)(D)(ii), "attorneys fees may not be awarded relating to any meeting of individualized education program team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section that is conducted prior to the filing of a complaint under subsection (b)(6) or (k) of this section." Since the individualized education program meetings between the plaintiff and defendant were not convened as a result of any administrative proceeding or judicial action, the court may not award any attorneys fees relating to them.
Accordingly, based upon the clear statutory language, the applicable case law, and the culture of the American Rule, this court cannot find that merely requesting a mediation and then participating in periodic individualized education program team meetings render plaintiffs as a prevailing party, despite the fact that a different placement was developed for the plaintiff child. Therefore, plaintiff's motion for counsel fees must be denied.
*587 Moreover, the court rejects plaintiffs' demand for payment of their own doctor's fees. Although defendant advised the plaintiff of its objections as to the choice of doctor, plaintiff chose to consult him anyway. As a result, the court also denies plaintiff's motion for fees and grants defendants motion as opined herein.